# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS:

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No. 2080CV00053

Benjamin Maddison ,Plaintiff (s)

v.

Jody Kasper ,Defendant (s)

SUMMONS

A TRUE AND ATTESTED COPY
DEPUTY SHERIFF
6/1/2020

To the above-named Defendant :

You are hereby summonsed and required to serve upon , plaintiff attorney, whose address is 29 Center Street, Northampton MA 01060 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire at Northampton, the day of , in the year of our Lord two thousand

Harry Jekanowski Jr.

CLERK-MAGISTRATE

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

Notes:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort - Motor Vehicle Tort - Contract - Equitable relief.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on , 20 .
I served a copy of the within summons, together with a copy of the complaint in this action upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4(d) (1-5):

Dated: , 20 . ______________________________

N.B. TO PROCESS SERVER: -

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 . |
|---|

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2080CV00053 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Maddison, Benjamin vs. Kasper, Chief of Police, City of Northampton, Jody et al | | Harry Jekanowski, Jr., Clerk of Courts |
| TO: File Copy<br>, | | COURT NAME & ADDRESS<br>Hampshire County Superior Court<br>15 Gothic Street<br>P.O. Box 1119<br>Northampton, MA 01061 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/17/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 09/15/2020 | |
| All motions under MRCP 12, 19, and 20 | 09/15/2020 | 10/15/2020 | 11/16/2020 |
| All motions under MRCP 15 | 07/12/2021 | 08/11/2021 | 08/11/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/09/2022 | | |
| All motions under MRCP 56 | 06/07/2022 | 07/07/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/04/2022 |
| Case shall be resolved and judgment shall issue by | | | 05/18/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 05/18/2020 | | |

Date/Time Printed: 05-18-2020 12:21:17

**CIVIL ACTION COVER SHEET** | **DOCKET NUMBER** | **Trial Court of Massachusetts The Superior Court**

**PLAINTIFF(S):** Benjamin Maddison

**ADDRESS:** 73 Barrett Street, Apartment 5147, Northampton Massachusetts

**ATTORNEY:**

**ADDRESS:**

**BBO:**

**COUNTY** Hampshire

**DEFENDANT(S):** The City of Northampton, David Narewicz Jody Kasper, and David Netto

**ADDRESS:** 29 Center Street, Northampton Massachusetts 01060

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | AB1 Tortious Action involving Commonwealth, M | A | ☐ YES ☒ NO |

***If "Other" please describe:**

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

HAMPSHIRE SUPERIOR COURT
MAY 18 2020
HARRY JEKANOWSKI, JR.
CLERK/MAGISTRATE

A. Documented medical expenses to date:
1. Total hospital expenses ........ $
2. Total doctor expenses ........ $
3. Total chiropractic expenses ........ $
4. Total physical therapy expenses ........ $
5. Total other expenses (describe below) ........ $

**Subtotal (A):** $ 50,000

B. Documented lost wages and compensation to date ........ $
C. Documented property damages to dated ........ $
D. Reasonably anticipated future medical and hospital expenses ........ $ 150,000
E. Reasonably anticipated lost wages ........ $ 650,000
F. Other documented items of damages (describe below) ........

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**TOTAL (A-F):$** 850,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $**

**Signature of Attorney/Pro Se Plaintiff: X** [signature]

**Date:** 5/20/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**

**Date:**

**COMMONWEALTH OF MASSACHUSETTS**

**HAMPSHIRE, ss.**

**SUPERIOR COURT**
**Docket No.:**

**BENJAMIN MADDISON,**
**Plaintiff,**

**v.**

:

**City Of Northampton**
**David Narewicz**
**Jody Kasper**
**David Netto**

**Defendants**

## COMPLAINT

Plaintiff, Benjamin Maddison ("Plaintiff" or "Mr. Maddison") brings this action for damages against the City of Northampton, Jody Kasper, Mayor David Narewicz, and Officer David Netto asserting Defamation, emotional distress, and Violation of the 1st Amendment of the United States Constitution.

### Parties

1. Plaintiff, Benjamin Maddison is a resident of 73 Barrett Street, Apt 5147, Northampton, County of Hampshire, Massachusetts.

2. Defendant, Jody Kasper, is the Chief of Police for the city of Northampton and represents the Northampton Police Department
3. Defendant, David Narewicz is the Mayor for the City of Northampton Massachusetts
4. Defendant, The City Of Northampton
5. Defendant, David Netto is a patrol officer for the city of Northampton, his employment is with the Northampton Police Department

### Factual Allegations

4. On January 12th 2020, Plaintiff was pulled over by Officer Zantrofski and cited Plaintiff for allegedly speeding, the officer conducted himself in a rude and disrespectful manner.

5. On January 30th 2020, Plaintiff observed a marked Northampton Police cruiser, plaintiff watched the vehicle stop in front of his vehicle and saw a female police officer with a cell phone in her hand take a photo of his vehicle on private property. Plaintiff recognized Officer Zantrofski in the passenger seat, Plaintiff went to the police department and expressed his concern and was introduced to lieutenant Alan Borowski After a brief conversation Borowski began informing the plaintiff he did not want an issue and would speak to the officer. No official complaint was filed that day.

6. On February 20th 2020, Plaintiff was present at the Northampton Police Headquarters to submit requests for records regarding the alleged speeding citation And to request an update from Lieutenant Alan Borowski. Borkowski assured Plaintiff he was handling the matter and he would be in touch.

7. On February 20th 2020, Plaintiff left the Department and was pulled over less that a mile from the Police Department by Officer David Netto who later called for backup, that when Sargent Moody, Officer Digiamo, and Officer Netto then surrounded Plaintiffs car and began accusing Plaintiff of having illegal window tint and a sticker obstructing his windshield. Plaintiff showed the officer the car passed inspection. Sargent Moody accused Plaintiff of applying the tints after the inspection. Plaintiff was upset and expressed to the officers this was harassment as Plaintiff just left the station regarding a complaint against an officer.

8. On February 20th 2020, after the incident with Officer Netto, Sergeant Moody, and Officer Digiamo, there was a reason to believe Borowksi and Netto were perpetuating a cycle of harassment. Plaintiff officially filed internal affairs complaints against Borowksi and Netto. Also present was Captain Cartilage who is in charge of administrative duties for the Northampton Police. Complaints were not filed against Moody and Digamo for the reason they were called to the scene after the stop was initiated.

9 On February 27th 2020, Plaintiff was traveling on Main Street in Northampton when he was pulled over by a Northampton Police Cruiser, Officer Brett Wilson #288 and Paul Barry #244 approached Plaintiff's vehicle and began accusing him of having a "modified exhaust" and "illegal window tint" both officers were informed that this was harassment. Plaintiff requested a supervisor which Officers ignored throwing a citation for 55$ at Plaintiff sitting in his vehicle. Officer also threatened Plaintiff with arrest for trespassing. Complaints against those officers were filed with the Northampton Police Department.

10. On March 5th 2020, The Northampton Police Department assigned Captain Robert Powers as the investigating officer for the allegations against Officer Netto, Lieutenant Borowski, Officer Wislon, and Officer Barry. The issue in question was why someone who has never been pulled over by the Northampton Police all of sudden is pulled over 3 times in less

than 90 days? Plaintiff was informed by Powers he was going to speak to the officers regarding what happened.

11. On March 17th 2020 Plaintiff went to the Station for an update, Powers began telling Plaintiff he called the State Police to "ask" about Plaintiff's issues with State Troopers driving erratically on 91 which has no bearing on complaints against Officers of Northampton. He then asserted that the Officers were not harassing Plaintiff but that Plaintiff was drawing attention to himself because he was videotaping officers conducting their duties and told Plaintiff to "stop recording officers and he won't be targeted". Please see "Mills V. Alabama" and "Gilk V. Cunniffe" both cases of 1st Amendment violations, Powers continues to assert that officers felt "threatened" by Plaintiff recording them in public which is not a crime. The Police Department has a public policy around recording police officers in town, Please see AOM-P-249 of the Police Department's Policy regarding"Recording and photographing Police officers" which is a directive of Chief Jody Kasper.

12. On March 19th 2020, Officer Brett Wilson #288 and another officer showed up at Plaintiff's residence of 73 Barrett Street and handed him an in hand copy of an "immediate threat licence suspension from the Registry of Motor Vehicles", Officer Wilson was seen laughing about the matter. Please note this was at the start of the COVID-19 pandemic. This order Restricting Plaintiff from driving to find work during this period, It was learned later that Officer David Netto submitted the request on March 13th 2020 and cited in his request that Plaintiff was seen recording police officers in public conducting their duties and asserts that Plaintiff is a threat to public safety because of citations given by the City Of Northampton's Police Officers.

13. On March 19th 2020, Plaintiff was admitted to the hospital as he was having immense stress and felt the harassment was growing so much he wanted to commit suicide.

**COUNT 1,2,3**
**Defamation**
**Emotional Stress**
**Violation of the 1st Amendment of the United States Constitution:**

**The First Amendment protects several basic freedoms in the United States including freedom of religion, freedom of speech, freedom of the press, the right to assemble, and the right to petition the government. It was part of the Bill of Rights that was added to the Constitution on December 15, 1791.**

14. Plaintiff reasserts and incorporates by reference every allegation in the preceding paragraphs of this complaint as if set forth fully in these counts of the complaint.

15. The Defendant without a doubt disseminated photos and memorandum not directly but through the officer she oversees; that was "defamatory" and harmful to Plaintiff's reputation.

16. The Northampton Police have deliberately stomped on the first amendment rights of the Plaintiff by their own omissions

17. The Defendant failed to intervene while her officers retaliated against the plaintiff for complaining about an officer and their conduct.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Award Plaintiff **850,000** (Eight Hundred and Fifty Thousand Dollars) in presumed damages – Plaintiff asserts the stress and turmoil caused by the City of Northampton and its police officers have resulted in the loss of a driver's license, a vehicle, car insurance, work, lawyers fees to fight the license suspension, and ultimately and absolutely stripped the Plaintiffs rights to record the police publicly without retaliation.

B. Award Plaintiff his costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

C. Grant Plaintiff such other and further relief as the Court may deem just and proper.

Dated: May 20th 2020

By Plaintiff himself

Benjamin Maddison
73 Barrett Street Apartment 5147
Northampton MA 01060
Tel: 860-890-9263
E-mail: mitiman26@gmail.com

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS:

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No. 2080CV00053

Benjamin Maddison ,Plaintiff (s)

v.

David Netto ,Defendant (s)

SUMMONS

A TRUE AND ATTESTED COPY [signature] DEPUTY SHERIFF 6/1/2020

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

To the above-named Defendant :

You are hereby summonsed and required to serve upon , plaintiff attorney, whose address is 29 Center Street, Northampton MA 01060 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire at Northampton, the day of , in the year of our Lord two thousand

Harry Jekanowski Jr.

CLERK-MAGISTRATE

Notes:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort - Motor Vehicle Tort - Contract - Equitable relief.